United States District Court
For the Northern District of California

***E-FILED 8/29/2008***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LARRY McINTOSH, YANGJIE CHENG, PING CHEN, STEVE HAEFFELE, LEBIN CHENG, VATSAL SONECHA and JONATHAN WONG, individually and on behalf of all those similarly situated,

Plaintiffs,

v.

McAFEE, INC.,

Defendant.

____________________________________/

No. C06-07694 JW (HRL)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR MONETARY SANCTIONS**

**[Re: Docket No. 79]**

Plaintiffs move for an order compelling defendant McAfee, Inc. ("McAfee") to produce documents and answer interrogatories. They also seek monetary sanctions pursuant to Fed. R. Civ. P. 37(a)(5). McAfee opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments presented at the August 5, 2008 hearing, this court grants the motion in part and denies it in part.

On December 15, 2006, plaintiffs filed this putative class action against McAfee, their former employer, for alleged breach of contract.[1] They claim that McAfee breached the parties' stock option agreements by not permitting the exercise of their stock options or the purchase of

[1] The only claim asserted on behalf of a class is for breach of contract. The remaining claims (breach of the covenant of good faith and fair dealing; fraud and deceit; negligent misrepresentation; and unjust enrichment) are asserted by the individual plaintiffs only for themselves.

United States District Court
For the Northern District of California

shares during an investigation by the Securities and Exchange Commission ("SEC"). McAfee contends that it would have been a violation of securities laws to permit the exercise of stock options during this so-called "blackout period" when McAfee was not current in its filings with the SEC.

In January 2007, McAfee reportedly filed a Form 8-K with the SEC disclosing that its Board of Directors passed resolutions (the "January 2007 resolutions") amending the terms of previously granted options and providing that (a) all former employees (with certain exceptions that do not apply here) who held unexpired vested stock options on January 7, 2007 would be given a 90-day extension of their post-termination exercise period at the end of the blackout; and (b) once the blackout was lifted, former employees whose stock options expired before January 7, 2007 would be paid cash in lieu of exercise based upon the average closing stock price for the first 10 trading days after the end of the blackout period. McAfee says that it regained current filer status with the SEC some twelve months later in December 2007.

The parties presently are before this court on a discovery dispute that arose in a somewhat curious fashion. In January 2008, plaintiffs served their first set of discovery requests, including the document requests and interrogatories at issue here.[2] (Ott Decl., Exs. B, C and D). However, around this same time, the blackout was lifted and plaintiffs were allowed to exercise their options or were paid cash in lieu of exercise. McAfee asserts that, because its stock price had risen, plaintiffs reaped a windfall and received considerably more money than the most they could have received had they exercised after their terminations during the blackout period. The parties then began discussing possible settlement and dismissal of the case. Indeed, at oral argument, the parties agreed that plaintiffs and the putative class got the essential relief they sought in this lawsuit (or better). And, both sides also agree that this action should be dismissed. Nevertheless, for the last several months, they have been wrangling over plaintiffs' claimed entitlement to attorney's fees under the California statute codifying the

[2] Specifically, plaintiffs move to compel with respect to Interrogatories 3, 4 and 6-8 and Document Requests 1-6, 10-11 and 14-17.

United States District Court
For the Northern District of California

private attorney general doctrine, Cal. Code Civ. Proc. § 1021.5.[3] That is, the parties cannot agree on how the case should be dismissed and what effect (if any) that dismissal should have on plaintiffs' claim for fees. Each side now contends that the other has taken unreasonable positions that have forced the continued (and unnecessary) litigation of this matter.

McAfee moved for summary judgment on April 8, 2008. In essence, McAfee argues that plaintiffs (a) have no breach of contract claim because they suffered no damages; and (b) cannot prove that they are entitled to attorney's fees.[4] For their part, on May 7, 2008, plaintiffs filed a motion for an award of attorney's fees and dismissal of the action with prejudice. They also sought (unsuccessfully) to have McAfee's summary judgment motion stayed until after their motion for fees/dismissal was heard. Reportedly, the District Court will hear McAfee's summary judgment motion and plaintiffs' motion for fees/dismissal at the same time.

The instant discovery motion followed about a month later on June 16, 2008. Plaintiffs argue that, because McAfee insists on proceeding with its summary judgment motion on the merits of their claims, they had no choice but to pursue the discovery they requested in January 2008. In particular, plaintiffs want discovery pertaining to the breach of contract claim (including McAfee's interpretation of the pertinent stock option agreements), as well as discovery to show that all elements of a fee award exist under Graham v. Daimler Chrysler Corp., 34 Cal.4th 553, 561 (2004) – i.e., whether (a) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (b) the lawsuit had merit and achieved its

---

[3] The statute provides, in relevant part:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

CAL. CODE CIV. PROC. § 1021.5.

[4] McAfee also seeks summary judgment as to plaintiff's individual claims for relief. However, plaintiffs do not claim to need discovery as to those matters.

United States District Court
For the Northern District of California

catalytic effect by threat of victory, not by dint of nuisance and threat of expense; and (c) plaintiffs reasonably attempted to settle the litigation prior to filing the lawsuit.

McAfee argues that plaintiffs' discovery motion should be denied on the following grounds: (a) there are no merits-based issues remaining; (b) plaintiffs do not need discovery re their requested attorney's fees; and (c) plaintiffs withdrew the discovery at issue and, in any event, it is too late to compel discovery now.

Taking McAfee's last argument first, in this district, motions to compel discovery may be brought up to seven court days after the close of discovery. See CIV. L.R. 26-2. The instant motion was filed on the June 16, 2008 fact discovery cutoff and therefore is timely. While it appears that plaintiffs previously offered to withdraw their discovery requests (and although both sides now blame the other for the apparent breakdown in their negotiations), suffice to say that the parties did not manage to agree on all terms for dismissal. McAfee argues that plaintiffs have waived their right to the discovery because they waited until June to move to compel discovery that was requested some six months earlier. Inasmuch as the parties spent several of those intervening months negotiating possible settlement and dismissal, this court does not find that the instant motion was unduly delayed.

The issues, then, are whether and what discovery really is needed, given the current posture of these proceedings. As discussed above, both sides seem to agree that the only real issue in dispute is whether plaintiffs are entitled to an award of attorney's fees. Plaintiffs did not file a Fed. R. Civ. P. 56(f) motion to seek more time to conduct discovery to oppose McAfee's summary judgment motion. Nor did they claim that they needed discovery to pursue their own motion for fees/dismissal. Also, plaintiffs previously agreed to forego depositions. The time for taking depositions has passed, and plaintiffs are not moving to compel any now.

At the same time, however, it appears that the determination whether plaintiffs are entitled to attorney's fees will turn, to some degree, upon consideration as to whether their claims have any merit. See Graham v. Daimler Chrysler Corp., 34 Cal.4th 553, 561 (2004). Since it appears that McAfee's summary judgment motion will be addressed on the merits, this court agrees that plaintiffs cannot simply ignore it. And, while plaintiffs have not convincingly

demonstrated the relevance of discovery pertaining to putative class members,[5] this court concludes that plaintiffs should be permitted discovery as to (a) whether there was a breach of contract and (b) why defendant reached the January 2007 resolutions (i.e., its consideration of and decisions leading to the adoption of those resolutions). (Indeed, at oral argument, defendant acknowledged that documents leading to the adoption of those resolutions are relevant.) Accordingly, this court rules as follows:

1. Plaintiffs' motion for discovery of McAfee's correspondence with the putative class is DENIED. In any event, at oral argument, plaintiffs' counsel acknowledged that the most helpful letters are those which were exchanged with the named plaintiffs themselves.

2. Plaintiffs' motion to compel documents responsive to Document Request No. 10 ("All insurance policies under which an insurance business might be liable to pay to you or on your behalf all or part of the damages sought in the Complaint.") and Document Request No. 17 ("All Documents that you may use to support your position that this action is not suitable to class certification.") is DENIED.

3. Plaintiffs' motion to compel answers to Interrogatory Nos. 3 and 4 is DENIED. This court is unpersuaded as to plaintiffs' stated need for the identification of persons most knowledgeable.

4. As for Interrogatory Nos. 6-8 and Document Requests 1-6, 11 and 14-16, plaintiffs' motion to compel is GRANTED IN PART. The motion as to these requests is granted only to the extent they call for non-privileged documents concerning, evidencing, containing, pertaining to or relating to McAfee's (a) interpretation of the pertinent stock option agreements pertaining to the named plaintiffs and (b) consideration of and decisions leading to the January 2007 resolutions. The motion as to these requests is otherwise DENIED.

5. McAfee shall serve its interrogatory answers and produce responsive documents by **September 12, 2008**.

6. Plaintiffs' request for monetary sanctions is DENIED.

---

[5] No motion for class certification has been filed, and there seems to be no dispute that no such motion will be filed now.

United States District Court
For the Northern District of California

SO ORDERED.

Dated: August 29, 2008

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**5:06-cv-7694 Notice has been electronically mailed to**:

Benjamin B. Au bau@kvn.com, alm@kvn.com, apicar@kvn.com, efiling@kvn.com

Joseph W. Cotchett jcotchett@cpmlegal.com

Emily L. Maxwell , Esq emaxwell@graycary.com

Mark Cotten Molumphy mmolumphy@cpmlegal.com, bgoldman@cpmlegal.com, jacosta@cpmlegal.com, mmetzger@cpmlegal.com, oszeto@cpmlegal.com, pskahan@cpmlegal.com

Carter Winford Ott carter.ott@dlapiper.com, tee.thomas@dlapiper.com

Elliot Remsen Peters epeters@kvn.com, aap@kvn.com, efiling@kvn.com

David Allen Priebe david.priebe@dlapiper.com, stacy.murray@dlapiper.com

Luanne R. Sacks luanne.sacks@dlapiper.com, kathleen.fischer@dlapiper.com

John Robert Shuman , Jr bob.shuman@dlapiper.com, maurene.martin@dlapiper.com

Robert James Slaughter rjs@kvn.com, efiling@kvn.com, kjb@kvn.com, mls@kvn.com

Kelly L Sommerfeld ksommerfeld@cpsmlaw.com, jacosta@cpsmlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.