LUANNE SACKS (Bar No. 120811)
luanne.sacks@dlapiper.com
CARTER W. OTT (Bar No. 221660)
carter.ott@dlapiper.com
DLA PIPER LLP (US)
153 Townsend Street, Suite 800
San Francisco, CA  94107
Tel: 415.836.2500
Fax: 415.836.2501

J. ROBERT SHUMAN, JR. (Bar No. 100236)
bob.shuman@dlapiper.com
DAVID PRIEBE (Bar No. 148679)
david.priebe@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
McAFEE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LARRY McINTOSH, YANGJIE CHENG, PING CHEN, STEVE HAEFFELE, LEBIN CHENG, VATSAL SONECHA, and JONATHAN WONG, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McAFEE, INC., and Does 1-10,<br><br>Defendants. | CASE NO.  C06-07694 JW (HRL)<br><br>**EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION REGARDING ATTORNEY'S FEES AND COSTS**<br><br>Date:         December 16, 2008<br>Time:        10:00 a.m.<br>Judge:      Hon. Howard R. Lloyd<br>Courtroom: 2 |

DLA PIPER LLP (US)

-1-

WEST\21596220.1          DEF.'S OBJS. TO PLAINTIFFS' EVIDENCE ISO MOT. FOR REPORT AND ATTORNEY'S FEES
CASE NO. C06-07694 JW (HRL)

1      Defendant McAfee, Inc. ("McAfee") hereby objects to evidence presented by Plaintiffs in

2  support of their Motion For Report And Recommendation To Award Of Attorneys (sic) Fees And

3  Costs (the "Motion"). For the Court's convenience, citations to the pertinent evidence and

4  McAfee's evidentiary objections are set forth in the attached chart.

5  /////

6  /////

7  /////

8  /////

9  /////

10  /////

11  /////

12  /////

13  /////

14  /////

15  /////

16  /////

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

DLA PIPER LLP (US)

**OBJECTIONS TO SPECIFIC EVIDENCE CITED IN PLAINTIFFS' MOTION**

| | Plaintiffs' Evidence | Citation | Evidentiary Objections | Argument |
|---|---|---|---|---|
| | **_Declaration of Mark C. Molumphy_** | | | |
| 1. | Plaintiffs allege that, under McAfee's stock option agreements, former employees were entitled to have 90 days following their termination to exercise their vested stock options.  Plaintiffs allege that McAfee breached the agreements by not giving former employees 90 days to exercise their options and, instead, running the 90 day exercise period during the blackout – even though former employees could not exercise their options. | Declaration of Mark C. Molumphy in Support of Plaintiffs' Motion for Report and Recommendation to Award Attorneys (sic) Fees and Costs to Plaintiffs ("Molumphy Decl."), ¶ 4. | Best evidence rule.  FRE 1520-1523. | The best evidence of Plaintiffs' allegations in their Complaint is the Complaint. |
| 2. | On January 8, 2007, just three weeks after plaintiffs filed their complaint, McAfee announced that its Board would "amend" the stock option agreements to extend the exercise period for former employees until after the blackout was lifted.  However, McAfee set a deadline of December 31, 2007, such that options still expired if the blackout was not lifted.  Further, the exercise option was not offered to former employees whose options had already expired who were instead promised an undefined "cash" consideration.  Finally, the amendment was not binding as a judgment, allowing the Board to change its mind yet again before any relief was provided. | Molumphy Decl., ¶ 7. | Lack of foundation.  FRE 602; _Carmen v. San Francisco Unified School Dist.,_ 237 F.3d 1026, 1028 (9th Cir. 2001); _United States v. Lake_, 150 F.3d 269, 273 (3rd Cir. 1998); _Ward v. First Fed'l Sav. Bank_, 173 F.3d 611, 617-18 (7th Cir. 1999).<br><br>Best evidence rule.  FRE 1520-1523. | The resolution Mr. Molumphy references is the best evidence of what that documents states; and Mr. Molumphy fails to lay any foundation regarding his personal knowledge or that he is an expert regarding this subject. |
| 3. | In prosecuting this action, my firm diligently represented the interests both of the seven named plaintiffs <u>and</u> the approximately 690 other proposed Class members. | Molumphy Decl., 8:6-8. | Lack of foundation.  FRE 602; _Carmen v. San Francisco Unified School Dist.,_ 237 F.3d 1026, 1028 (9th Cir. 2001); _United States v. Lake_, 150 F.3d 269, 273 (3rd Cir. 1998); _Ward v. First Fed'l Sav. Bank_, 173 F.3d 611, 617-18 (7th Cir. 1999).<br><br>Hearsay.  FRE 802; _Field v. Trigg_ | Mr. Molumphy fails to lay any foundation regarding his personal knowledge; he requests that the Court accept the truthfulness of hearsay evidence; and his statement constitutes an inadmissible legal conclusion. |

| | Plaintiffs' Evidence | Citation | Evidentiary Objections | Argument |
|---|---|---|---|---|
| | | | *County Hosp., Inc.*, 386 F.3d 729, 735 (6th Cir. 2004).<br><br>Inadmissible legal conclusion. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68, fn. 3 (1st Cir. 2002). | |
| 4. | Based on the chronology of events, in which McAfee uniformly rejected every pre-lawsuit demand to allow former employees to exercise their vested options, and only agreed to provide the requested relief <u>after</u> a class action suit was filed, the lawsuit was plainly a catalyst for the relief provided. | Molumphy Decl., 8:8-11. | Lack of foundation.  FRE 602; *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *United States v. Lake*, 150 F.3d 269, 273 (3rd Cir. 1998); *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999).<br><br>Inadmissible legal conclusion. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68, fn. 3 (1st Cir. 2002). | Mr. Molumphy fails to lay any foundation regarding his personal knowledge, and his statement constitutes an inadmissible legal conclusion. |
| 5. | The requested lodestar multiplier of <u>three</u> is reasonable and consistent with the factors considered under California law, including the novelty and difficulty of the issues involved, the skill displayed in resolving them, the fact that litigation precluded other employment, the contingent nature of the fee arrangements, and the results achieved. | Molumphy Decl., 9:12-15. | Lack of foundation.  FRE 602; *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *United States v. Lake*, 150 F.3d 269, 273 (3rd Cir. 1998); *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999).<br><br>Inadmissible legal conclusion. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68, fn. 3 (1st Cir. 2002). | Mr. Molumphy fails to lay any foundation regarding his personal knowledge, and his statement constitutes an inadmissible legal conclusion. |
| 6. | McAfee changed its position in response to this class action suit. | Molumphy Decl., 9:17. | Lack of foundation.  FRE 602; *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *United States v. Lake*, 150 F.3d 269, 273 (3rd Cir. 1998); *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999).<br><br>Inadmissible legal conclusion. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, | Mr. Molumphy fails to lay any foundation regarding his personal knowledge, and his statement constitutes an inadmissible legal conclusion. |

| | Plaintiffs' Evidence | Citation | Evidentiary Objections | Argument |
|---|---|---|---|---|
| | | | 295 (6th Cir. 1999); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68, fn. 3 (1st Cir. 2002). | |
| 7. | My firm devoted substantial time and resources to litigating the case, which precluded time spent on other cases and other employment. | Molumphy Decl., 9:20-26. | Lack of foundation. FRE 602; *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *United States v. Lake*, 150 F.3d 269, 273 (3rd Cir. 1998); *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999). <br><br> Inadmissible legal conclusion. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68, fn. 3 (1st Cir. 2002). | Mr. Molumphy fails to lay any foundation regarding his personal knowledge, and his statement constitutes an inadmissible legal conclusion. |
| 8. | Finally, the result achieved – relief worth an estimated $23.5 million to approximately 700 class members, as discussed below – was substantial, particularly given McAfee's refusal to provide anything to its former employees before the case was filed. | Molumphy Decl., 9:23-26. | Lack of foundation. FRE 602; *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *United States v. Lake*, 150 F.3d 269, 273 (3rd Cir. 1998); *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999). <br><br> Hearsay. FRE 802; *Field v. Trigg County Hosp., Inc.*, 386 F.3d 729, 735 (6th Cir. 2004). <br><br> Inadmissible legal conclusion. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68, fn. 3 (1st Cir. 2002). | Mr. Molumphy fails to lay any foundation regarding his personal knowledge; he requests that the Court accept the truthfulness of hearsay evidence; and his statement constitutes an inadmissible legal conclusion. |
| 9. | The requested fee, viewed as a percentage of the total recovery by former employees, reinforces the reasonableness of the request. | Molumphy Decl., 10:1-2. | Inadmissible legal conclusion. *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68, fn. 3 (1st Cir. 2002). | Mr. Molumphy's statement constitutes an inadmissible legal conclusion. |
| 10. | While McAfee refused to provide the precise figures in discovery, McAfee's most recent Form 10-Q filed on August 7, 2008 for the quarterly period ended June 30, 2008, disclosed that approximately 690 | Molumphy Decl., 10:2-14. | Lack of foundation. FRE 602; *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *United States v. Lake*, 150 F.3d 269, 273 (3rd Cir. 1998); *Ward v. First* | Mr. Molumphy fails to lay any foundation regarding his personal knowledge, and he requests that the Court accept the truthfulness |

| | Plaintiffs' Evidence | Citation | Evidentiary Objections | Argument |
|---|---|---|---|---|
| | former employees received either a cash payment for their expired options or an extended 90-day period to exercise their options.  McAfee disclosed that all options of terminated employees had been cash settled or exercised by <u>March 31, 2008</u>.<br><br>**As of March 31, 2008, the January 2007 and November 2007 modified options had been exercised, or had expired.**<br><br>Certain stock options held by terminated employees expired during the blackout period as they could not be exercised during the 90-day period subsequent to termination.  In January 2007, McAfee determined it would settle these option in cash... ***All of these options were cash settled by March 31, 2008...*** (emphasis added).<br><br>Former employees with expired options received cash payments totaling $<u>5.2 million</u>.  A true and correct copy of the pertinent portions of McAfee's Form 10-Q is attached hereto as Exhibit D. | | *Fed'l Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999).<br><br>Hearsay.  FRE 802; *Field v. Trigg County Hosp., Inc.*, 386 F.3d 729, 735 (6th Cir. 2004). | of hearsay evidence. |
| 11. | McAfee's most recent Form 10-K filed on February 27, 2008 disclosed that McAfee recorded a compensation charge of $14.0 million (applied to 2007) and $4.3 million (applied to 2006), or a total of $<u>18.3 million</u>, for former employees allowed to exercise their unexpired options based on the value of the options.  Former employees with expired options received cash payments totaling $<u>5.2 million</u>.  Thus, the total relief provided to all former employees is at least $<u>23.5 million</u>.  The requested fee of $<u>686,122.50</u> represents approximately <u>2.9%</u> of the estimated $23.5 million recovery by McAfee's former employees. | Molumphy Decl., ¶ 47. | Lack of foundation.  FRE 602; *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *United States v. Lake*, 150 F.3d 269, 273 (3rd Cir. 1998); *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999).<br><br>Hearsay.  FRE 802; *Field v. Trigg County Hosp., Inc.*, 386 F.3d 729, 735 (6th Cir. 2004). | Mr. Molumphy fails to lay any foundation regarding his personal knowledge, and he requests that the Court accept the truthfulness of hearsay evidence. |

| | Plaintiffs' Evidence | Citation | Evidentiary Objections | Argument |
|---|---|---|---|---|
| 12. | My firm requests to be reimbursed for expenses incurred and advanced on the case during the relevant period, in the amount of $5,851.44.  These costs were reasonable and necessary in order to litigate this matter.  A specific breakdown of the expenses is as follows: | Molumphy Decl., ¶ 48. | Lack of foundation.  FRE 602; *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001); *United States v. Lake*, 150 F.3d 269, 273 (3rd Cir. 1998); *Ward v. First Fed'l Sav. Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999).<br><br>Inadmissible legal conclusion.  *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999); *Gonzalez v. El Dia, Inc.*, 304 F.3d 63, 68, fn. 3 (1st Cir. 2002). | Mr. Molumphy fails to lay any foundation regarding his personal knowledge, and his statement constitutes an inadmissible legal conclusion. |

1    McAfee respectfully requests the Court sustain the above objections and strike the

2    referenced evidence at the hearing regarding the Motion.

3

     Dated:  November 25, 2008                    DLA PIPER LLP (US)

4

5

                                                 By _____/s/ Carter Ott_____
6                                                   CARTER W. OTT
                                                    Attorneys for Defendant
7                                                   McAFEE, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28