JOSEPH W. COTCHETT (#36324)
jcotchett@cpmlegal.com
MARK C. MOLUMPHY (#168009)
mmolumphy@cpmlegal.com
GERALD S. OHN (#217382)
gohn@cpmlegal.com
COTCHETT, PITRE & McCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY McINTOSH, YANGJIE CHENG, PING CHEN, STEVE HAEFFELE, LEBIN CHENG, VATSAL SONECHA, and JONATHAN WONG, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>McAFEE, INC.,<br><br>Defendant. | Case No. C06-07694 JW<br><br>**PLAINTIFFS' <u>REPLY</u> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS**<br><br>Date: December 16, 2008<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Honorable Howard R. Lloyd |

LAW OFFICES COTCHETT, PITRE & MCCARTHY

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS

TABLE OF CONTENTS

Page

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. The Court Has Already Held That Plaintiffs Are Entitled To An Award of Attorneys Fees And Costs Based On Work Performed Until The Relief Was Actually Provided To Class Members in *January 2008*. . . . . . . . . . . . . . . . . . . . . 2

    B. Issue 1: McAfee Admits That It Completed The Provision Of Class Relief On January 15, 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C. Issue 2: Under California Law, Plaintiffs Are Entitled To Fees Based On Their Work Through January 15, 2008, Reflected In Their Lodestar Report, With A Modest Multiplier. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1. Plaintiffs' Lodestar Is Appropriate, Accurate And Supported. . . . . . . . . . 5

        2. This Case Is A Ideally Suited To A Modest Multiplier, Based On Several Factors Identified Under California Law. . . . . . . . . . . . . . . . . . . 7

        3. Plaintiffs Are Entitled To Reimbursement Of Costs. . . . . . . . . . . . . . . . . 9

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS**     i

## TABLE OF AUTHORITIES

Page(s)

Case

*Benson v. Kwikset Corp.*
　152 Cal. App. 4th 1254 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Glendora Community Redevelopment Agency v. Demeter*
　155 Cal. App. 3d 465(1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ketchum v. Moses*
　24 Cal. 4th 1122 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ladas v. California State Auto. Ass'n*
　19 Cal. App. 4th 761 (1993) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Martino v. Denevi*
　182 Cal. App. 3d 553 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Oakland v. Oakland Raiders*
　203 Cal. App. 3d 78 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Paulson v. City of San Diego*, No. Civ. 89-0820GT(LSP),
　2007 U.S. Dist. LEXIS 43587 at *14-17 (S.D. Cal. June 13, 2007) . . . . . . . . . . . . . . . . . . . 9

*Sternwest Corp. v. Ash*
　183 Cal. App. 3d 74 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Wershba v. Apple Computer, Inc.*
　91 Cal. App. 4th 224 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Other Authorities

California Code of Civil Procedure Section 1021.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

California Code of Civil Procedure 1033.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS**　　ii

## I. INTRODUCTION

In December 2006, Plaintiffs, former employees of McAfee, filed this class action to force McAfee to pay them for their expired stock options. On January 15, 2008, McAfee finally provided the relief sought in this action, cutting checks to Plaintiffs and several hundred other former employees in the identical circumstances. In all, approximately 700 putative class members received over $23 million in relief *because of this action*.

Accordingly, on October 17, 2008, Judge Ware of this Court *granted* Plaintiffs' motion for attorneys fees and costs finding that the prosecution of the class action was the catalyst for the relief obtained. The Court also *rejected* McAfee's argument that its Board had voluntarily agreed to provide the relief back in January 2007, rendering any legal action moot and unnecessary.

Thus, the only remaining issue was the appropriate *amount* of fees. Plaintiffs had asked for fees based on work performed up until the September 2008 hearing. McAfee had asked that no fees be awarded. The Court held that Plaintiffs were entitled to fees based on work performed until the point that McAfee completed the provision of relief to former employees. While the Court noted that relief was provided in "early 2008" (*see* Order at 10:17-19, Exhibit A to Declaration of Mark C. Molumphy ("Molumphy Decl. I"), it did not know the exact date. Accordingly, the Court asked for a Report and Recommendation on two very limited issues: (1) the *exact date* that relief was actually *completed* and (2) an appropriate fee under California law, based on that date. *Id*., 12:4-8. Plaintiffs' motion addressed these two issues.

Unfortunately, McAfee ignores the Court's plain directions and uses its opposition brief – complete with 16 single-spaced footnotes – to reargue virtually every issue briefed, argued and decided by Judge Ware in the underlying motion, complete with reference to the same declarations and exhibits. For example, McAfee continues to assert that Plaintiffs' breach of contract claims would have required them to violate securities laws, that the Board voluntarily agreed to provide the requested relief in January 2007 making any subsequent litigation efforts unnecessary, and that this class action had nothing to do with its decision to provide class relief.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS**                1

Of course, *all* of the arguments were considered and rejected by the Court, which expressly found that this action *was* the catalyst for the class relief and that Plaintiffs are entitled to fees.

McAfee's strategy is hardly surprising, if not entirely forthcoming. The same conclusions reached by Judge Ware in granting Plaintiffs' underlying motion for fees – and direct responses to the two remaining issues raised by Judge Ware in his request for a Report – also support the amount of fees now requested by Plaintiffs.

***First***, McAfee essentially concedes this it completed providing relief to all former employees on ***January 15, 2008***, when it sent checks for expired options. While McAfee attempts to argue, in the alternative, that it essentially "provided" relief back in January 2007, when its Board passed a non-binding resolution mooting the claims in this case, the Court has already rejected this argument and found that McAfee did not provide relief to Plaintiffs until early 2008.

***Second***, as to the *amount* of fees under applicable California law, Plaintiffs request an award of *$686,122.50*, which is based on counsel's lodestar of $228,707.50 through January 15, 2008, with a multiplier of three. Rather than challenge the factors supporting a multiplier under California law, McAfee falsely asserts that Judge Ware found such a request to be "excessive" and that Plaintiffs have only reduced their previous lodestar by $34,534.50. However, Plaintiffs previously requested fees for work conducted through *September 5, 2008*, based on a lodestar of *$374,365*. At the Court's directions, Plaintiffs now seek fees for work through *January 15, 2008*, based on a lodestar of *$228,707.50*, a substantial reduction of *$145,657.50*.

Plaintiffs' motion should be granted in its entirety.

## II. ARGUMENT

### A. The Court Has Already Held That Plaintiffs Are Entitled To An Award of Attorneys Fees And Costs Based On Work Performed Until The Relief Was Actually Provided To Class Members in *January 2008*

Plaintiffs' previously-filed motion for attorneys fees and costs claimed fees pursuant to California statute, based on the theory that Plaintiffs were the catalyst for McAfee's decision to provide over $23 million in relief to 700 former employees. In opposition, McAfee claimed there was no causal connection between this litigation and McAfee's actions; that Plaintiffs'

LAW OFFICES
COTCHETT,
PITRE *&*
MCCARTHY

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS**    2

1  lawsuit had no merit; and that Plaintiffs were not entitled to an award of fees and costs. In
2  connection with this motion, Plaintiffs requested total fees in the amount of $805,976 for work
3  conducted through September 5, 2008 based on a lodestar amount of $374,365. Doc. 92-2, p. 5.
4  McAfee opposed any fee award.

5        The Court heard oral argument on September 22, 2008. At the end of this hearing, Judge
6  Ware stated: "I am somewhat affected by the large amount that is requested under the
7  circumstances, but I have a great deal of respect for your firm [Cotchett, Pitre & McCarthy] and
8  the reputation that it has for taking on matters and taking a professional approach to those
9  matters." Declaration of Carter Ott in opposition to Plaintiffs' Motion for Report and
10 Recommendation Regarding Attorney's Fees and Costs Award, Ex. N (Reporter's Transcript at
11 29:7-10).

12       On October 17, 2008, Judge Ware issued his Order and granted Plaintiffs' motion for
13 attorneys fees and costs. However, rather than award the full amount requested by Plaintiffs,
14 which included time spent on matters in 2008 *after* class members had received relief – i.e.,
15 responding to McAfee's motion for summary judgment – the Court decided that the fee award
16 should be based on work performed *before* relief was provided to the Class members.
17 Specifically, the Court held that Plaintiffs are entitled to recover attorneys' fees "incurred until
18 the point at which Defendant provided full relief to all former employees that are members of the
19 putative class." Order at 11:24-26.

20       Notably, the Court recognized several times in its Order that relief was provided in "early
21 2008." See, e.g., Order at 3:17-18 ("Subsequently, beginning *in early 2008*, Defendants granted
22 named Plaintiffs' desired relief."); Order at 10:17-19 ("In this case, Plaintiffs provide evidence
23 that nearly 700 individuals received approximately $23 million in recovery as a result of
24 *Defendant's provision of Plaintiffs' desired relief in early 2008*."), emphasis added. However,
25 since the "evidence before the Court insufficiently demonstrates the *exact date* on which
26 Defendant completed its provision of relief," the Court asked for a Report and Recommendation
27 of that date and the appropriate fees based on that date. Order at 11:26-12:8.

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS**    3

Conversely, Judge Ware did *not* authorize the parties to relitigate Plaintiffs' underlying entitlement to fees and costs or any different period that fees should be limited to. Accordingly, there are <u>only</u> two questions before this Court.

**B.  Issue 1: McAfee Admits That It Completed The Provision Of Class Relief On January 15, 2008**

With respect to "the exact date on which Defendant completed provision of relief to former employees who are members of the putative class," that information is exclusively in McAfee's control. Plaintiffs' moving papers demonstrated that they received checks dated <u>January 15, 2008</u>. Molumphy Decl. I, Ex. B; Supplemental Declaration of Mark C. Molumphy ("Molumphy Supp. Decl."), ¶6. Thus, the date of "completion" of relief to all other class members is no earlier than that date.

Indeed, in its Opposition, McAfee effectively concedes that January 15, 2008 is the date it completed providing relief. McAfee states that it "sent the last checks to those putative class members entitled to cash payments . . . on January 15, 2008. Accordingly, this date – January 15, 2008  – is the last date on which McAfee . . . provided relief to putative class members." Opposition at 10:7-10.

Unfortunately, McAfee then attempts to muddy the waters by asking this Court to use a different measuring date than that identified by Judge Ware. In true self-serving fashion, McAfee asks that fees be based on work performed up until January 7, 2007, just three weeks after the Complaint was filed, when McAfee's Board passed a vaguely worded resolution conditionally promising to amend the stock option agreements of certain former employees whose options had not already expired, and only if the blackout was lifted by a certain deadline. Under the resolution, options still expired if the blackout was not lifted by the deadline. Further, the exercise option was not offered to former employees whose options had already expired. The amendment was not even binding as a judgment, allowing the Board to change its mind yet again before any relief was provided.

McAfee's attempt to evade Judge Ware's clear Order should be rejected. Judge Ware did not ask the parties to identify the "exact date" that McAfee passed the January 7, 2007 resolution, a date the Court was already well aware of when it resolved the underlying fee

LAW OFFICES COTCHETT, PITRE & MCCARTHY

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS**     4

motion and plainly was not asking for nor required additional briefing to determine that date. Rather, Judge Ware specifically asked the parties to identify the "exact date" "in early 2008 that McAfee completed providing relief – the actual opportunity to exercise options or the actual payment of cash for expired options – to class members. The Court's request is consistent with its earlier finding that relief wasn't provided until "early 2008."

Indeed, McAfee's attempt to reargue for a different date seems particularly disingenuous given that, back at the motion to dismiss stage, Judge Ware *denied* McAfee's motion to dismiss and *rejected* the argument that the case was somehow "mooted" by the Board's January 2007 resolution, noting that the resolution did not even state whether it was retroactive nor whether it applied to options that had already expired, like that of Plaintiffs. Molumphy Supp. Decl., ¶ 9, Ex. A. The case was then actively litigated for almost a full year after McAfee's January 2007 Board resolution and McAfee continued to deny all allegations made in the complaint until it finally provided relief on January 15, 2008. Molumphy Supp. Decl., ¶ 10.[1]

**C. Issue 2: Under California Law, Plaintiffs Are Entitled To Fees Based On Their Work Through January 15, 2008, Reflected In Their Lodestar Report, With A Modest Multiplier**

**1. Plaintiffs' Lodestar Is Appropriate, Accurate And Supported**

McAfee concedes that, under California law, a firm's lodestar is used as the basis for an award of fees under California Code of Civil Procedure Section 1021.5. Nonetheless, McAfee asserts that Plaintiffs' lodestar (1) fails to provide adequate support or detail for the time spent, (2) improperly includes time after January 15, 2008 or spent on matters unrelated to the class relief, and (3) is only $34,534.50 less than the amount previously sought by Plaintiffs for time spent for the entire case. None of these claims have merit.

First, Plaintiffs have provided sufficient detail of the work performed, complying

---

[1] The same is true with respect to McAfee's renewed claim that it was "legally prevented" by securities laws to allow former employees to exercise their options during the blackout period. The argument was raised and resolved by Judge Ware in the underlying fee motion. The argument also misses the point of Plaintiffs' action. The harm was allowing options to expire during the blackout, without the opportunity to exercise or tolling the exercise period until after the blackout was lifted.

LAW OFFICES COTCHETT, PITRE & MCCARTHY

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS    5

specifically with the Court's Local Rules. Indeed, under Local Rule 54-6(b)(2), a party seeking fees need only provide a statement describing the persons for whose services fees are claimed, together with a summary of the time spent by each person. The actual time records do not need to be produced. Here, Plaintiffs submitted the Declaration of Mark C. Molumphy, the principal attorney on the case, describing the time spent on the case and the persons involved. Plaintiffs have also provided a second Molumphy Declaration updating the Court on, *inter alia*, costs incurred and providing additional details regarding Plaintiffs' counsel's work during the litigation. Thus, Rule 54-5(b)'s requirements have been met.[2]

Furthermore, the cases cited by McAfee do not require Plaintiffs to provide the actual time records. To the contrary, "[i]n California, an attorney need not submit contemporaneous time records in order to recover attorney fees." *Martino v. Denevi*, 182 Cal. App. 3d 553, 559 (1986).

Second, contrary to McAfee's argument, Plaintiffs' counsel's lodestar does *not* include work performed after January 15, 2008 or "entirely unrelated to obtaining the" class relief. *See* Opposition at 11:19-21. Plaintiffs' lodestar *only* reflects work performed until January 15, 2008. Molumphy Supp. Decl., ¶ 15.

With respect to McAfee's criticism of work performed by the lead partner, Mark Molumphy, the time does not include preparing discovery motions or class certification motions, as implied in McAfee's papers. *Id.* Molumphy's time does include a limited number of hours devoted to preparing Plaintiffs' initial disclosures and written discovery seeking to confirm that other class members were receiving the same relief that named Plaintiffs were receiving, made necessary only after McAfee inexplicably refused to confirm such facts informally. *Id.* Indeed, after the seven named Plaintiff class representatives received letters from McAfee on or about December 21, 2007 indicating that the blackout period had been lifted, Molumphy attempted to resolve the entire case through a simple declaration confirming that all other class members were

---

[2]    As indicated in the Molumphy Supplemental Declaration, attorneys and other employees at the Cotchett firm keep daily, contemporaneous time records.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS          6

going to receive the same relief. However, McAfee refused to provide this information. Molumphy Decl. I, ¶¶ 14-16; Molumphy Supp. Decl., ¶ 15.

Indeed, all of the work reflected in Plaintiffs' lodestar was reasonably necessary to the substantial class recovery, including time spent on investigating the facts, interviews with witnesses, reviewing documents, preparing the complaint, researching and briefing motions to dismiss, amending the complaint, preparing initial disclosures, and attempting to resolve the case through settlement. While McAfee predictably downplays the value of such work, or complains that too much time was spent on these matters (curiously failing to disclose how much it paid its attorneys during the same period), there can be no dispute about the results – approximately $23 million to nearly 700 class members. Molumphy Supp. Decl., ¶ 16.

Finally, McAfee's contention that Plaintiffs' lodestar somehow violates the spirit of Judge Ware's prior Order, or fails to meaningfully reduce the previously requested lodestar, is very misleading. For example, McAfee falsely claims that Plaintiffs' present lodestar for work performed through January 15, 2008 is only $34,534.50 less than the previously reported lodestar for work performed through September 2008. *See* Opposition at 8:9-10, 11:5-6. However, Plaintiffs' lodestar for work through September 5, 2008 was $374,365. Plaintiffs now seek fees based on a lodestar of $228,707.50 for work conducted through January 15, 2008, a reduction of $145,657.50 (*not* $34,534.50).

Thus, the reduced lodestar, deleting almost nine months of work performed by Plaintiffs' counsel, already reflects the parameters set forth by Judge Ware and his careful evaluation of the appropriate end point to base any fee award.

**2. This Case Is A Ideally Suited To A Modest Multiplier, Based On Several Factors Identified Under California Law**

Plaintiffs seeks a fee award of $686,122.50, which represents the lodestar with a multiplier of 3, and just 2.91% of the total $23.5 million value of relief. McAfee asserts that no multiplier should be approved, yet fails to seriously contest the existence of recognized factors supporting such an enhancement.

First, the substantial results achieved support a multiplier. As now determined by the Court in the underlying motion for attorneys fees, the class action unquestionably resulted in a

LAW OFFICES COTCHETT, PITRE & MCCARTHY

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS     7

full recovery for almost 700 former employees of McAfee, worth more than $23.5 million. Order at 10.

Second, a multiplier is warranted given the contingent terms of counsel's employment, reflecting both the risk of nonpayment with an unfavorable outcome and the extent to which the litigation precluded other employment by the attorneys. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132-33, 1138 (2001). McAfee's argument that Plaintiffs have not produced evidence of the contingent basis of their counsel's work has no factual or legal merit. Plaintiffs' counsel has provided a sworn declaration confirming the contingent basis of representation and no further evidence is required. *See* Molumphy Decl. I, ¶ 43; Molumphy Supp. Decl., ¶ 22. McAfee provides no legal authority requiring Plaintiffs to produce a copy of the actual retainer agreement. Furthermore, McAfee's assertion that Plaintiffs' counsel should be paid directly by the seven class representatives misses the point. The Court has already ruled that Plaintiffs' fees should be paid by McAfee:

> The Court finds that it would be contrary to the interests of justice to require the named Plaintiffs, who undertook the burden of bringing this litigation to enforce the rights of a much larger class of individuals, to be solely responsible for the financial burden of this litigation. Given that named Plaintiffs' recovery was approximately $1.6 million out of a total recovery of $23 million for the putative class, and that Defendant's means of informal resolution prevents distribution of fees on a class-wide basis, the interest of justice make an award of attorney fees appropriate in this case.

Order at 11:17-22.

Third, the case involved novel and complex legal questions, supporting a multiplier. The case depended on the parties' interpretation of complex stock option agreements, impacting hundreds of employees over several years, and alleged federal securities trading restrictions. On the motion to dismiss, McAfee asserted that the entire case should be dismissed based on federal preemption, requiring the parties to analyze the application of federal securities statutes to stock option plans and claims made under such plans. This was not an issue with extensive legal precedent. McAfee further asserted that its remedial actions stripped Plaintiffs of legal standing, again raising novel issues that required detailed factual analysis of McAfee's actions compared against the damages available to class members. When McAfee's motion to dismiss was denied, it filed an answer denying virtually every allegation and asserting numerous affirmative

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS

8

defenses. As late as the fee motion, McAfee took the position that it was legally precluded from allowing former employees to exercise and, presumably, extending their exercise period beyond the blackout.

Ironically, in its opposition brief, McAfee's primary argument against a multiplier is once again that Plaintiffs' breach of contract claim was legally flawed because it was predicated on the notion that McAfee should have violated securities laws. Putting aside the fact that this argument has been rejected by the Court at every stage of this case, even if true, the fact that Plaintiffs were able to secure such a complete recovery – in the face of McAfee's supposed strong legal defenses – only lends further support to a multiplier.

Finally, McAfee cite certain California cases for the unremarkable proposition that a court has discretion to adjust the lodestar upward or downward. However, McAfee does not distinguish the numerous cases cited by Plaintiffs approving a positive multiplier, based on successful resolutions like that found here. *See, e.g., Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) ("[m]ultipliers can range from 2 to 4 or even higher"); *Glendora Community Redevelopment Agency v. Demeter*, 155 Cal. App. 3d 465, 479-80(1984) (approving multiplier of 12); *Oakland v. Oakland Raiders*, 203 Cal. App. 3d 78, 82-83, 85 (1988) (approving multiplier of approximately 3); *Sternwest Corp. v. Ash*, 183 Cal. App. 3d 74, 76 (1986) (trial court had discretion to award multiplier of 2, 3, 4, or another number); *Paulson v. City of San Diego*, Civ. No. 89-0820GT(LSP), 2007 U.S. Dist. LEXIS 43587 at *14-17 (S.D. Cal. June 13, 2007) (applying multiplier of 2 for underlying litigation and no multiplier for the fees on fees litigation).

An upward adjustment of Plaintiffs' lodestar by a multiplier of three is warranted.

### 3. **Plaintiffs Are Entitled To Reimbursement Of Costs**

Consistent with the Court's order, Plaintiffs' counsel seek reimbursement only of costs incurred until January 15, 2008. Costs under the private attorney general statute are determined under the general costs statute, California Code of Civil Procedure Section 1033.5. *Benson v. Kwikset Corp.*, 152 Cal. App. 4th 1254, 1283 (2007). The Molumphy Declaration filed with this reply identifies costs allowable under section 1033.5, including service and delivery charges for

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REPORT AND RECOMMENDATION TO AWARD ATTORNEYS FEES AND COSTS TO PLAINTIFFS**   9

documents to McAfee and the Court, totaling $1,696.00. *See* Molumphy Supp. Decl., ¶ 24; *Ladas v. California State Auto. Ass'n*, 19 Cal. App. 4th 761, 776 (1993) (approving reimbursement of courier and messenger charges).[3]

## III.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court issue a Report and Recommendation finding that (1) McAfee completed the provision of relief to former employees on January 15, 2008 and (2) Plaintiffs' counsel, Cotchett, Pitre & McCarthy, is entitled to an award of $686,122.50 in attorneys fees, based on its lodestar of $228,707.50 lodestar with multiplier of three, as well as reimbursement of $1,696.00 in costs.

Date: December 2, 2008                                    COTCHETT, PITRE & MCCARTHY

By:   /s/
      MARK C. MOLUMPHY

*Attorneys for Plaintiffs and the Class*

---

[3]   Plaintiffs no longer seek costs for certain categories, such as Lexis/Nexis.