1  JOSEPH W. COTCHETT (#36324)               **\*E-FILED 1/27/2009\***
   jcotchett@cpmlegal.com
2  PHILIP L. GREGORY (#95217)
   pgregory@cpmlegal.com
3  MARK C. MOLUMPHY (#168009)
   mmolumphy@cpmlegal.com
4  SEAN E. PONIST (#204712)
   sponist@cpmlegal.com
5  COTCHETT, PITRE & McCARTHY
   840 Malcolm Road, Suite 200
6  Burlingame, CA 94010
   Telephone: (650) 697-6000
7  Fax: (650) 697-0577

8  *Attorneys for Plaintiffs and the Class*

9

10                 UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  LARRY McINTOSH, YANGJIE CHENG,        )  Case No. C06-07694 JW
    PING CHEN, STEVE HAEFFELE, LEBIN      )
14  CHENG, VATSAL SONECHA, and            )  CLASS ACTION
    JONATHAN WONG, individually and on    )
15  behalf of all those similarly situated, )  STIPULATION FOR PROTECTIVE
                                          )  ORDER
16                     Plaintiffs,        )  **AND ORDER THEREON**
                                          )
17        v.                              )
                                          )  **(MODIFIED BY THE COURT)**
18  McAFEE, INC. and Does 1-10,           )
                                          )
19                     Defendants.        )
                                          )
20  _____ )

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

─────────────────────────────────────────
**STIPULATION FOR PROTECTIVE ORDER**

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

2. **DEFINITIONS**

1.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

1.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosure or responses to discovery in this matter.

1.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R. Civ.P. 26 (c).

1.4   "Highly Confidential-Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a

1    Producing Party.

2              1.6      <u>Producing Party:</u> a Party or non-party that produces Disclosure or Discovery

3   Material in this action.

4              1.7      <u>Designating Party:</u> a Party or non-party that designates information or items that it

5   produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-

6   Attorneys' Eyes Only."

7              1.8      <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as

8   "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

9              1.9      <u>Outside Counsel:</u> attorneys who are not employees of a Party but who are retained

10   to represent or advise a Party in this action.

11              1.10     <u>House Counsel:</u> attorneys who are employees of a Party.

12              1.11     <u>Counsel (without qualifier):</u> Outside Counsel and House Counsel (as well as their

13   support staff).

14              1.12     <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to

15   the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

16   consultant in this action and who is not a past or a current employee of a Party or of a competitor

17   of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party

18   or a competitor of a Party's.  This definition includes a professional jury or trial consultant

19   retained in connection with this litigation.

20              1.13     <u>Professional Vendors:</u> persons or entities that provide litigation support services

21   (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

22   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

23   **3.**     <u>**SCOPE**</u>

24        The protections conferred by this Stipulation and Order cover not only Protected Material

25   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

26   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

27   parties or counsel to or in other settings that might reveal Protected Material.

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1   **4.**    <u>**DURATION**</u>

2         Even after the termination of this litigation, the confidentiality obligations imposed by

3   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

4   order otherwise directs. **For a period of six months after the final termination of this action,
this court will retain jurisdiction to enforce the terms of this order.**

5   **5.**    **DESIGNATING PROTECTED MATERIAL**

6         5.1    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party

7   or non-party that designates information or items for protection under this Order must take care

8   to limit any such designation to specific material that qualifies under the appropriate standards.

9   A Designating Party must take care to designate for protection only those parts of material,

10  documents, items, or oral or written communications that qualify - so that other portions of the

11  material, documents, items, or communications for which protection is not warranted are not

12  swept unjustifiably within the ambit of this Order.

13        Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

14  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

15  unnecessarily encumber or retard the case development process, or to impose unnecessary

16  expenses and burdens on other parties), expose the Designating Party to sanctions.

17        If it comes to a Party's or a non-party's attention that information or items that it

18  designated for protection do not qualify for protection at all, or do not qualify for the level of

19  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

20  withdrawing the mistaken designation.

21        5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

22  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

23  material that qualifies for protection under this Order must be clearly so designated before the

24  material is disclosed or produced.

25        Designation in conformity with this Order requires:

26           (a) <u>for information in documentary form</u> (apart from transcripts of depositions or

27  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

28  or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at top of each page that

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

1   contains protected material.  If only a portion or portions of the material on a page qualifies for

2   protection, the Producing Party must clearly identify the protected portion(s) (e.g., by making

3   appropriate markings in the margins) and must specify, for each portion, the level of protection

4   being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

5   EYES ONLY").

6            A Party or non-party that makes original documents or materials available for

7   inspection need not designate them for protection until after the inspecting Party has indicated

8   which material it would like copied and produced.  During the inspection and before the

9   designation, all of the material made available for inspection shall be deemed  "HIGHLY

10  CONFIDENTIAL - ATTORNEYS' EYES ONLY."   After the inspecting Party has identified the

11  documents it wants copied and produced, the Producing Party must determine which documents,

12  or portions thereof, qualify for protection under this Order, then, before producing the specified

13  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" ) at the top of each page that

15  contains Protected Material.  If only a portion or portions of the material on a page qualifies for

16  protection, the Producing Party also must clearly identify the protected portion(s) ( e.g., by

17  making appropriate markings in the margins) and must specify, for each portion, the level of

18  protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

19  ATTORNEYS' EYES ONLY").

20            (b)for testimony given in deposition or in order pretrial or trial proceedings, that

21  the Party or non-party offering or sponsoring the testimony identify on the record, before the

22  close of the deposition, hearing, or other proceedings, all protected testimony, and further specify

23  any portions of the testimony that qualify as  "HIGHLY CONFIDENTIAL - ATTORNEYS'

24  EYES ONLY."   When it is impractical to identify separately each portion of testimony that is

25  entitled to protection, and when it appears that substantial portions of testimony may qualify for

26  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

27  record (before the deposition or proceedings is concluded) a right to have up to 20 days to

28  identify the specif portions of the testimony as to which protection is sought and to specify the

⊛
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."   If only portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3 Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economics burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality by electing not to mount a challenge promptly after original designation is disclosed.

⊛
LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1    6.2 <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Designating

2    Party's confidentiality designation must do so in good faith and must begin the process by

3    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

4    with counsel for the Designating Party.  In conferring, the challenging Party must explain the

5    basis for its belief that the confidentiality designation was not proper and must give the

6    Designating Party an opportunity to review the designated material, to reconsider the

7    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

8    designation.  A challenging Party may proceed to the next stage of the challenge process only if it

9    has engaged in this meet and confer process first.

10    6.3 <u>Judicial Intervention.</u>  A Party that elects to press a challenge to a

11    confidentiality designation after considering the justification offered by the Designating Party

12    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

13    79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

14    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

15    the movant has complied with the meet and confer requirements imposed in the preceding

16    paragraph and that sets forth with specificity the justification for the confidentiality designation

17    that was given by the Designating Party in the meet and confer dialogue.

18    The burden of persuasion in any such challenge proceeding shall be on the

19    Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

20    material in question the level of protection to which it is entitled under the Producing Party's

21    designation.

22    **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

23    7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

24    disclosed or produced by another Party or by a non-party in connection with this case only for

25    prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

**only to the categories of persons and under the conditions described**

26    disclosed in this Order.  When the litigation has been terminated, a Receiving Party must comply
     ^

27    with the provisions of section 11, below (FINAL DISPOSITION).

28

LAW OFFICES
Cotchett,
Pitre &
McCarthy

1        Protected Material must be stored and maintained by a Receiving Party at a

2   location and in a secure manner that access is limited to the persons authorized under this Order.

3        7.2 <u>Disclosure of 'CONFIDENTIAL" Information or Items</u>.  Unless otherwise

4   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

5   disclose any information or item designated CONFIDENTIAL only to:

6        (a) The Receiving Party's Outside Counsel of record in this action, as well as

7   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

8   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

9   hereto as Exhibit A;

10       (b) The officers, directors, and employees (including House Counsel) of the

11  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

12  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

13       (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is

14  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

15  Protective Order" (Exhibit A);

16       (d) the Court and its personnel;

17       (e) court reporters, their staffs, and professional vendors to whom disclosure is

18  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

19  Protective Order" (Exhibit A);

20       (f) during their depositions, witnesses in this action to whom disclosure is

21  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

22  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal

23  Protected Material must be separately bound by the court reporter and may not be disclosed to

24  anyone except as permitted under this Stipulated Protective Order.

25       (g) the author of the document or the original source of the information.

26       7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"</u>

27  <u>Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the author of the document or the original source of the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

1   The purpose of imposing these duties is to alert the interested parties to the existence of

2   this Protective Order and to afford the Designating Party in this case an opportunity to try to

3   protect its confidentiality interests in the court from which the subpoena or order issued.  The

4   Designating Party shall bear the burdens and the expense of seeking protection in that court of its

5   confidential material - and nothing in these provisions should be construed as authorizing or

6   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

7   **9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9   Material to any person or in any circumstances not authorizing under this Stipulated Protective

10  Order, the Receiving party must immediately (a) notify in writing the Designating Party of the

11  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

12  inform the person or persons to whom unauthorized disclosures were made of all the terms of

13  this Order, and (d) request such person or persons to execute the "Acknowledgment and

14  Agreement to Be Bound" that is attached hereto as Exhibit A.

15  **10.   FILING PROTECTED MATERIAL**

16  Without written permission from the Designating Party or a court order secured after

17  appropriate notice to all interested persons, a Party may not file in he public record in this action

18  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

19  with Civil Local Rule 79-5.

20  **11.   FINAL DISPOSITION**

21  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

22  after the final termination of this action, each Receiving Party must return all Protected Material

23  to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

24  abstracts, compilations, summaries or any other form of reproducing or capturing any of the

25  Protected Material.  With permission in writing from the Designating Party, the Receiving Party

26  may destroy some or all the Protected Material instead of returning it.  Whether the Protected

27  Material is returned or destroyed, the Receiving Party must submit a written certification to the

28  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1   deadline that identifies (by category, where appropriate) all the Protected Material that was

2   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

3   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

4   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

5   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

6   work product, even if such material contain Protected Material.   Any such archival copies that

7   contain or constitute Protected Material remain subject to this Protective Order as set forth in

8   Section 4 (DURATION), above.

9       **12.    MISCELLANEOUS**

10      12.1    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any

11  person to seek its modification by Court in the future.

12      12.2    Right to Assert Other Objections.  By stipulating to the entry of this

13  Protective Order no Party waives any right it otherwise would have to object to disclosing or

14  producing any information or item on any ground not addressed in this Stipulated Protective

15  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

16  the material covered by this Protective Order.

17  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

19  Date: ~~February ___, 2008~~  January 21, 2009        COTCHETT, PITRE & MCCARTHY

20                                                       By: _____

21                                                           MARK C. MOLUMPHY
                                                             *Attorneys for Plaintiffs and the Class*

23  Dated: February ___, 2008                            DLA PIPER US LLP

25                                                       By: _____
                                                             CARTER OTT

26                                                       *Attorneys for Defendant McAfee, Inc*

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**STIPULATION FOR PROTECTIVE ORDER**

1   deadline that identifies (by category, where appropriate) all the Protected Material that was

2   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

3   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

4   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

5   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

6   work product, even if such material contain Protected Material.  Any such archival copies that

7   contain or constitute Protected Material remain subject to this Protective Order as set forth in

8   Section 4 (DURATION), above.

9       **12.**    **MISCELLANEOUS**

10         12.1    Right to Further Relief. Nothing in this Order abridges the right of any

11   person to seek its modification by Court in the future.

12         12.2    Right to Assert Other Objections.  By stipulating to the entry of this

13   Protective Order no Party waives any right it otherwise would have to object to disclosing or

14   producing any information or item on any ground not addressed in this Stipulated Protective

15   Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

16   the material covered by this Protective Order.

17   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

18

19   Date: February _____, 2008           COTCHETT, PITRE & MCCARTHY

20

21                            By: _____/s/_____
                                MARK C. MOLUMPHY
                            *Attorneys for Plaintiffs and the Class*

22   September 12,

23   Dated: February ___, 2008           DLA PIPER US LLP

24

25                            By:_____
                                CARTER OTT

26                        *Attorneys for Defendant McAfee, Inc*

27

28

**(AS MODIFIED BY THE COURT),
PURSUANT TO STIPULATION, IT IS SO ORDERED.**
^

Dated: January 27, 2009.

_____
HON. ~~XXXXXXXXX~~ HOWARD R. LLOYD
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print or type full name] , of _____

4    [print or type full address], declare under penalty of perjury that I have read in its entirety and

5    understand the Stipulated Protective Order that was issued by the United States District Court for

6    the Northern District of California on [date] in this case of Larry Mcintosh, Yangjie Cheng, Ping

7    Chen, Steve Haeffele, Lebin Cheng, Vatsal Sonecha, and Jonathan Wong, et al.   v. McAFEE,

8    INC. and Does 1-10. I agree to comply with and to be bound by all the terms of this Stipulated

9    Protective Order and I understand and acknowledge that failure to so comply could expose me to

10    sanctions and punishment in the nature of contemp. I solemnly promise that I will not disclose in

11    any manner any information or item that is subject to this Stipulated Protective Order to any

12    person or entity except in strict compliance with the provisions of this Order.

13          I further agree to submit to the jurisdiction of the United States District Court for the

14    Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15    Order, even if such enforcement proceedings occur after termination of this action.

16          I hereby appoint _____, [print or type full name] of _____

17    _____ [print or type full address and telephone number] as my California agent for

18    service of process in connection with this action or any proceedings related to enforcement of

19    this Stipulated Protective Order.

20

21    Date: _____

22    City and State where sworn and signed: _____

23

24    Printed Name: _____
                      [printed name]

25

26    Signature: _____
                  [printed name]

27

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**STIPULATION FOR PROTECTIVE ORDER**

12