United States District Court

For the Northern District of California

1

2                                                                    *e-filed 2/19/09*

3

4

5

6

7                               NOT FOR CITATION

8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11   Larry McIntosh, et. al.,                      No. C06-07694 JW (HRL)

12              Plaintiffs,                         **REPORT AND RECOMMENDATION**
                                                    **ON PLAINTIFFS' MOTION FOR**
13        v.                                        **ATTORNEY FEES**

14   McAfee, Inc.,
              Defendant.                            **Re: Docket No. 96**
15   _____/

16

17         After granting Plaintiffs' Motion for Attorney Fees, the District Judge referred this

18   matter to the undersigned for a Report and Recommendation of: (1) the exact date on which

19   Defendant completed provision of relief to former employees who are members of the putative

20   class and (2) the fees incurred by Plaintiffs' counsel under applicable California law.  The Court

21   held a hearing on December 16, 2008.  At the hearing, Defendant conceded that January 15,

22   2008 was the exact date on which it completed provision of relief.  It also agreed to Plaintiffs

23   request for reimbursement of $1,696.00 in costs.  With the issue of attorney fees remaining, the

24   Court issued an interim order requesting time records, a copy of the retainer fee agreement, and

25   additional declarations supporting the reasonableness of hourly rates listed in the Lodestar

26   report.

27

28

**United States District Court**
For the Northern District of California

**REPORT**

**A. The Lodestar Amount**

   The Lodestar amount is calculated by multiplying the reasonable hours expended by a reasonable hourly rate. *Wershaba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 254 (2001). Defendant contends that Plaintiffs are not entitled to the amount of attorney fees that they request. Defendant claims that Plaintiffs' Lodestar calculation is unreasonable and lacks any supporting documentation of time records and detailed explanation of tasks performed. The Court Recommends that Plaintiffs' Lodestar amount be found reasonable.

**1.    Reasonableness of Hours Spent**

   Civil Local Rule 54-6(b) requires the party seeking attorney fees to provide a "statement of the services rendered by each person together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained." N.D. Cal. Civil L.R. 54-6(b). Such evidence enables a court to assess the appropriateness of attorney fees. *See, e.g., Martino v. Denevi*, 182 Cal. App. 3d 553, 558-59 (1986). Pursuant to the interim order issued by the Court on December 16, 2008, Plaintiffs submitted these time records and descriptions of services performed for each time keeper. The Court did not find any "padding" in the form of inefficient or duplicative efforts in its *camera* review, and the number of hours expended appears to be reasonable and appropriate.

**2.    Reasonableness of Hourly Rate**

   Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys who are engaged in similar litigation charging similar rates. *Ackerman v. Western Electric Co.*, 860 F.2d 1514, 1520 (9th Cir. 1988); *Menlo Logistics, Inc. v. Western Express, Inc.*, No. C-04-4684, 2006 U.S. Dist. LEXIS 9897, at *18 (N.D. Cal. Feb. 21, 2006). The declarations and exhibits that Plaintiffs submitted sufficiently show that the hourly rates listed in the Lodestar Report are (1) similar to rates approved by other courts and (2) similar to rates customarily charged by other firms performing similar work. Plaintiffs' counsel's hourly rates appear to be reasonable and customary.

**United States District Court**
For the Northern District of California

**B.  The Multiplier**

The Lodestar amount may be enhanced with a Multiplier, if appropriate.  *Rebney v. Wells Fargo Bank*, 232 Cal. App. 3d 1344, 1347 (1991); *Zucker v. Occidental Petroleum Corp.*, 968 F.Supp. 1396, 1400 (C.D. Cal. 1997).  Multipliers can range from 2 to 4 or even higher. *Wershaba v. Apple Computer, Inc.*, 91 Cal. App. 4th at 255.  Defendant contends that the Multiplier of 3 that Plaintiffs seek is without merit and inappropriate.

**1.  Multiplier Factors**

The Multiplier is determined by a number of factors, which include: (1) the contingent nature of the fee award, (2) the results obtained and the number of people that have benefitted from them, (3) the novelty and complexity of the questions involved and the skill displayed in presenting them, and (4) the extent to which the nature of the litigation precluded other employment.  *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 579 (Cal. 2004).

***The contingent nature of the fee award.***  One of the most common Multiplier factors that courts use accounts for contingency risk.  *Graham*, 34 Cal. 4th at 579.  Courts enhance Lodestar amounts in contingency cases based on the rationale that a lawyer should be paid more for bearing a contingency risk.  *Id.* at 580.  The Court reviewed a copy of Plaintiffs' retainer agreement *in camera*, and it is a contingent agreement.   Indeed, Plaintiffs' counsel assumed a substantial risk and expended hours of work without any guarantee of remuneration.  Thus, this factor favors enhancing the Lodestar amount.

Courts must not consider any of the Multiplier factors to the extent that they are already encompassed within the Lodestar calculation itself.  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1138 (2001).  A Multiplier fee enhancement would not be proper if the Lodestar hourly rate already accounted for factors such as contingency risk.  Here, Plaintiffs submitted a declaration and exhibit showing that the hourly rates listed in the Lodestar Report are the same as those charged on an hourly basis for non-contingent work.  Because the Lodestar hourly rate does not already account for contingency risk, this factor favors a Multiplier.

***The results obtained and the number of people that have benefitted from them.***  "The 'results obtained' factor can properly be used to enhance a lodestar calculation where an

exceptional effort produced an exceptional benefit." *Graham*, 34 Cal. 4th at 582 (citing *Thayer v. Wells Fargo Bank* 92 Cal. App. 4th 819, 838 (2001)). Here, the named Plaintiffs' recovery was approximately $1.6 million out of a total recovery of $23 million for the putative class of nearly 700 individuals. There is no doubt of an exceptional benefit to numerous people. However, it is questionable whether an exceptional effort is what produced this exceptional benefit.

The District Judge found that Plaintiffs were successful under the Catalyst theory due in part to a causal relationship between the lawsuit and Defendant's provision of relief. Under the Catalyst theory, the fact that the mere filing of a lawsuit motivated a party to provide relief is sufficient to establish a causal link. *Californians for Responsible Toxics Management v. Kizer*, 211 Cal. App. 3d 961, 966-68 (1989). Whether any exceptional effort by Plaintiffs' counsel had substantial bearing on the provision of relief is another question. However, the same chronology of events that the District Judge relied on its Catalyst theory analysis also sheds light on this Court's query. Defendant began provision of relief just three weeks after Plaintiffs filed the action. In light of this promptness, it is questionable whether it was the mere filing of the lawsuit or the quality of Plaintiffs' counsel's efforts that produced the results. Therefore, it is uncertain whether this factor favors a Multiplier.

***The novelty and complexity of the questions involved and the skill displayed in presenting them.*** Plaintiffs contend that this case involved a complex and novel legal question that lacked extensive legal precedent. They claim that the questions involved interpretation of stock option agreements, Federal Securities laws, and the application of these laws to employees' agreements. Defendant contends that this was not a novel and complex case, and the only issue was one that Plaintiffs were incorrect about. The Court recognizes that the question is not a trivial one. However, the Court is not convinced that the question is particularly novel and complex or lacks extensive legal precedent. Therefore, this factor does not favor a Multiplier.

***The extent to which the nature of the litigation precluded other employment.*** Plaintiffs' counsel concedes that their involvement in this litigation did not preclude other work. Therefore, this factor does not favor a Multiplier.

**United States District Court**
For the Northern District of California

1

### 2. The Cross-Check Method

2   Some courts "cross-check" the Lodestar award against a percentage of the class recovery

3   to determine whether a Multiplier is necessary to ensure the propriety of the award. *Lealao v.*

4   *Beneficial California, Inc.*, 82 Cal. App. 4th 19, 45 (2000). In performing this cross-check,

5   courts use the Ninth Circuit benchmark of 25 percent for awards of attorney fees in common

6   fund cases. *Id.* at 24. That is, the Lodestar award should typically be no more than 25% of the

7   common fund. Plaintiffs contend that their requested Lodestar award with a Multiplier of three

8   is only 2.5 percent of the total recovery of the putative class, i.e., well below the 25% benchmark

9   under the cross-check method.[1]

10   The cross-check method may not be appropriate in the instant case. In most cases that

11   relied on a cross-check, the benefit to the class was clearly "obtained" by the efforts of counsel

12   as a result of adjudication or settlement. *Lealao*, 82 Cal. App. 4th 19 at 22; *Oakland v. Oakland*

13   *Raiders*, 203 Cal. App. 3d 78, 81 (1988). Here, as mentioned in the Catalyst theory discussion,

14   there is uncertainty as to whether the benefit to the putative class was produced by the efforts of

15   Plaintiffs' counsel. The only Catalyst case in which the cross-check method was used that

16   Plaintiffs cite is *Trew v. Volvo Cars of N. Am., LLC*, 2007 U.S. Dist. LEXIS 55305 (E.D. Cal.

17   July 30, 2007). However the attorneys in *Trew* spent over a year negotiating a settlement and

18   deciding on the language of the class notice form and worked over four years on the case in total.

19   *Id*. at *14-15. Here, Plaintiffs' counsel has worked considerably less. Therefore, it appears

20   inappropriate to cross-check the Lodestar award against a percentage of a class recovery that

21   may or may not be entirely the result of Plaintiff counsel's efforts.

22   ### 3. Plaintiffs should be entitled to a Multiplier of 1.2.

23   With only one out of four factors clearly in favor of a Multiplier, the Court Recommends

24   that Plaintiffs receive a Multiplier of 1.2. Plaintiffs are entitled to some upward enhancement for

25   assuming contingency risk. The cross-check method that Plaintiffs suggest appears

26   inappropriate. Thus, the Court believes that a Multiplier of 1.2 is reasonable.

27

28   [1]Defendant objects to declarations that Plaintiffs submit in support of this contention.
The Court OVERRULES these objections.

**United States District Court**

For the Northern District of California

1

### RECOMMENDATION

2    For the foregoing reasons, this Court Recommends as follows: (1) Defendant completed

3 provision of relief on January 15, 2008; (2) Plaintiffs are entitled to a reimbursement of $1,696

4 in attorney costs; and (3) Plaintiffs are entitled to a total award of $274,449, consisting of the

5 requested Lodestar amount of $228,707.50 and a Multiplier of 1.2.

6

7 Dated: 2/19/09



8 _____

9 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28